IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAUNCEY GRUENWALD, | ) |
| | ) |
| Plaintiff, | ) **CIVIL ACTION** |
| | ) |
| v. | ) No. 06-3340-MLB |
| | ) |
| LEONARD MADDOX, et al., | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM AND ORDER**</u>

**I.   INTRODUCTION**

This is a prisoner abuse case alleging breaches of the
Eighth and Fourteenth Amendments, as well as several state tort
claims.  Plaintiff Chauncey Gruenwald ("Plaintiff") proceeds <u>pro
se</u>.[1]  Defendants in the original complaint, Leonard Maddox, Jason
Myers, and Roland Buchanan ("Defendants") move to dismiss.
Plaintiff has filed two motions to amend, adding additional
defendants and claims.  For reasons stated herein, Defendants

---

[1]Plaintiff's initial motion for appointment of counsel was
denied, without prejudice (Doc. 4 at 4).  Plaintiff's renewed
motion has been considered utilizing the factors set forth in
<u>Castner v. Colorado Springs Cablevision</u>, 979 F.2d 1417 (10th Cir.
1992) and related cases.  The court finds that Plaintiff is
unable to afford counsel, and has been unable to interest
attorneys in taking his case, despite diligent efforts.  For the
reasons set forth in this order, the court finds that Plaintiff's
case lacks merit, which undoubtedly accounts for Plaintiff's
failure to secure counsel.  Finally, the court finds that
Plaintiff has demonstrated the capacity to prepare and present
his case without counsel.  Accordingly, Plaintiff's renewed
motion for appointment of counsel (Doc. 29) is denied.

Maddox, Myers, and Buchanan's Motion to Dismiss is GRANTED and
this case is otherwise DISMISSED.

## II.   PROCEDURAL POSTURE

Plaintiff is incarcerated at the El Dorado Correctional
Facility.  Defendants Maddox, Myers, and Buchanan are
correctional officers employed by the Kansas Department of
Corrections at the El Dorado Correctional Facility.  Plaintiff's
original complaint was brought against Maddox, Myers, and
Buchanan in their individual and official capacities, raising
section 1983 claims for use of excessive force, violation of due
process, and a state claim of battery, all arising out of a use
of force incident which occurred on August 27, 2006. (Doc. 1).

Plaintiff has since filed two amended complaints.  The
first, filed pursuant to Fed.R.Civ.P. 15(a), seeks to add
additional defendants (Mansfield, Roberts, Cummings, & Werholtz)
and state criminal law claims for assault, battery, and
aggravated battery.  (Doc. 23).  Plaintiff also alleges claims of
deliberate indifference against the newly named defendants.  The
second amended complaint seeks to add yet another defendant
(McCollum) who allegedly failed to provide medical treatment to
Plaintiff following the incident (Doc. 27).  Rule 15(a) allows
the filing of the first amended complaint, but Plaintiff has not

been granted leave to proceed on the second amended complaint.[2]
Even though the additional defendants have not been served, this
order addresses the claims asserted in each complaint against all
defendants.

**III. MOTION TO DISMISS**

The standards this court must utilize upon a motion to
dismiss are well known.  This court will dismiss a cause of
action for a failure to state a claim only when it appears beyond
a doubt that the plaintiff can prove no set of facts that would
entitle legal relief or when an issue of law is dispositive.  See
Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v.
Kansas, 117 F.Supp.2d 1124, 1129 (D. Kan. 2000).  All well-
pleaded facts and the reasonable inferences derived from those
facts are viewed in the light most favorable to plaintiff.  See
Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc.,

---

[2]The second amended complaint avers no new facts that relate
to Maddox, Myers, Buchanan, Mansfield, Roberts, Cummings and
Werholtz.  Instead, it attempts to add the duty nurse who
attended to Plaintiff after the incident, upon the theory that
the care provided by the nurse amounted to deliberate
indifference to Plaintiff's serious medical needs.  More
specifically, Plaintiff alleges that the nurse "...was
deliberately indifferent to Plaintiff's medical needs when he
knew that Plaintiff was involved in a use of force and failed to
provide medical treatment by denying to assess or evaluate
Plaintiff's health condition." (Doc. 27).  These contentions are
obviously conclusory and are not sufficient to show a violation
of Plaintiff's constitutional rights.  Plaintiff's motion to file
a Second Amended Complaint could be denied on that basis alone,
but it also fails to state a claim for reasons stated elsewhere
in this order.

45 F.Supp.2d 1104, 1106 (D. Kan. 1998).  Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F.Supp.2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F.Supp.2d at 1129.

Plaintiff is not represented by counsel.  It has long been the rule that pro se pleadings, including complaints and pleadings connected with motions to dismiss, must be liberally construed.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F.Supp.2d 1235, 1237 (D. Kan. 1998).  This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction.  See Hall, 935 F.2d at 1110.  Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant.  See id.  Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district.  See id.; Hill, 14 F.Supp.2d at 1237.  Additionally, the court need not accept as

true plaintiff's conclusory allegations because no special legal
training is required to recount the facts surrounding alleged
injuries.  See Hill, 14 F.Supp.2d at 1237.  Thus, the court is
required to accept as true only plaintiff's well-pleaded and
supported factual contentions.  See id.

## IV.  FACTS PERTAINING TO INCIDENT OF AUGUST 27, 2006

In the original complaint, Plaintiff alleges that Defendants
Maddox, Myers, and Buchanan used excessive force against him
during a forced cell transfer.  On August 27, 2006, these
defendants[3] responded to a disturbance in Plaintiff's cell, in
which Plaintiff was attempting to remove the light from the
ceiling.  Plaintiff alleges that he was willing to be restrained,
but that he stuffed a pillow in the food slot of the cell door
"to prevent from being battered with mace."  (Doc. 23, p. 3).
After struggling to remove the pillow, Defendants administered
mace against Plaintiff through the food slot.  (Doc. 23, p. 4).
Plaintiff alleges that Maddox stated, "It burns don't it?"  While
Plaintiff was suffering the effects of the mace, Defendants
restrained and escorted him to Shower 3 for detox.  (Doc. 23, p.
5).  While in the shower, Plaintiff alleges that Defendant Maddox
"slammed Plaintiff's head into the wall, and then placed one arm
around his neck." Defendants proceeded to force Plaintiffs head

---

[3]For purposes of simplicity, no effort will be made to
specify which defendant did what, unless Plaintiff has done so.

under the shower water.  Plaintiff claims that the water was
choking him, so "he tried to defend himself while the handcuffs
were still on him behind his back."  Plaintiff struggled, falling
to the floor.  Defendants stood Plaintiff back under the shower,
and added leg shackles.  They then forced Plaintiff's head back
under the water for the remainder of detox.  Defendants then
escorted Plaintiff to a new cell.

     Inside the new cell, Plaintiff was placed face-down on the
floor, with his hands still cuffed behind his back.  Plaintiff
alleges that while on the ground, he was punched repeatedly in
the back.  Defendants exited the cell and ordered Plaintiff to
walk to the door to be uncuffed.  Plaintiff refused to comply,
and Defendants re-entered to stand Plaintiff next to the door to
be uncuffed.  When Defendants again attempted to remove the
handcuffs, Plaintiff ran away from the door.  Upon re-entering
the cell, Defendants restrained Plaintiff on the ground, punched
him, then removed the handcuffs and left the cell.

     In the first amended complaint, Plaintiff claims that
another officer, Mansfield, was present and failed to intervene.
Finally, in the second amended complaint, Plaintiff asserts that
the medical care provided after the incident by Nurse McCollum
amounted to deliberate indifference of a serious medical need.[4]

_____

     [4]Among the voluminous papers attached to Plaintiff's various
submissions is a memo from McCollum dated August 27, 2006 at
11:08 p.m which states: "Responded to cell house after forced

**V.   FOURTEENTH AMENDMENT CLAIMS**

The applicability of the Fourteenth Amendment to Plaintiff's claims can be disposed of summarily.  In cases that allege use of excessive force against a convicted and sentenced prisoner, the Eighth Amendment controls.  "'The Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified.'" <u>Berry v. City of Muskogee, Okl.</u>, 900 F.2d 1489, 1493 (10th Cir. 1990) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986)). "The Supreme Court...has rejected substantive due process challenges where the allegedly illegal governmental action was clearly encompassed by some other, more specific, enumerated constitutional right." <u>Bateman v. City of W. Bountiful</u>, 89 F.3d 704, 709 (10th Cir. 1996).

Plaintiff alleges facts that clearly pertain only to an Eighth Amendment claim for excessive use of force; therefore, all Fourteenth Amendment claims are dismissed.

**VI.  EIGHTH AMENDMENT CLAIMS**

Before addressing the merits of Plaintiff's Eighth Amendment

---

cell movement.  Assess Gruenwald 69498.  Assess IM and no injuries noted.  IM stable." Plaintiff does not allege how this assessment amounted to deliberate indifference to his serious medical needs.

claims, the court must first address the issue of immunity.  See
Frazier v. Simmons, 254 F.3d 1247, 1252 (10th Cir. 2001)
(explaining Eleventh Amendment immunity relates to subject matter
jurisdiction of court and "'must be resolved before a court may
address the merits'" of plaintiff's claims) (quoting Fent v.
Okla. Water Res. Bd., 235 F.3d 553, 558 (10th Cir. 1995).

### A. Sovereign Immunity

"[A] suit against a state official in his or her official
capacity is not a suit against the official but rather is a suit
against the official's office." Will v. Mich. Dep't of State
Police, 491 U.S. 58, 71 (1989).  Therefore, although sovereign
immunity does not protect against suits for injunctive relief, it
does bar suits for monetary damages against officials acting in
their official capacities.  Id. at 71.  See White v. State of
Colo., 82 F.3d 364 (10th Cir. 1996) (holding Eleventh Amendment
sovereign immunity barred section 1983 claim asserted against
prison officials, in their official capacities, for money damages
and a declaratory judgment).

It may be assumed that all the named defendants were
employees of the State, acting in their official capacities, at
the time of the incident.  As such, they are shielded from civil
liability with regard to monetary damages.  Because of the well-
established principles of sovereign immunity, the court dismisses

Plaintiff's claims for monetary damages against all Defendants acting in their official capacities.  This still leaves all individual capacity claims against the defendants, and the claims for injunctive relief against the defendants in their official capacities.  These claims will be discussed, <u>infra</u>.

### B. Qualified Immunity

In their motion to dismiss, Maddox, Myers, and Buchanan have invoked a defense of qualified immunity.  Even though the other defendants will not be served, it is reasonable to assume that they would do so as well.  Qualified immunity ordinarily arises on motions for summary judgment but it is just as applicable in a motion to dismiss.  <u>See</u> <u>Dill v. City of Edmond</u>, 155 F.3d 1193, 1204 (10th Cir. 1998).  "A public employee is entitled to qualified immunity 'in all but the most exceptional cases....'" <u>Rachamim v. Ortiz</u>, 147 Fed.Appx. 731, 734 (10th Cir. 2005).

> Once a defendant raises a defense of qualified immunity, 'the burden shifts to the plaintiff...[to] satisf[y] a heavy two part burden.'  First, the plaintiff must demonstrate that the defendant 'violated a constitutional or statutory right.'  Second, he must show 'that the right at issue was clearly established at the time of the defendant's unlawful conduct.'  If the plaintiff cannot make both showings, the defendant is entitled to qualified immunity.  If he can, the burden shifts to the defendant to 'prove that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

<u>Neal v. Lewis</u>, 414 F.3d 1244, 1247-48 (10th Cir. 2005) (quoting <u>Gross v. Pirtle</u>, 245 F.3d 1151, 1155-56 (10th Cir. 2001)).

This court must determine whether the plaintiff's allegations, if assumed to be true, state a claim for a violation of a constitutional right. <u>See Romero v. Fay</u>, 45 F.3d 1472, 1475 (10th Cir. 1995) (relying in part upon <u>Seigert v. Gilley</u>, 500 U.S. 226, 231-32 (1991)). Determining whether a plaintiff has stated a claim for a constitutional violation is purely a legal question. <u>See id</u>. Despite the inevitable factual issues that become intertwined in the characterization of a plaintiff's precise constitutional claims, this court cannot avoid the legal issue by simply framing it as a factual question. <u>See Archer v. Sanchez</u>, 933 F.2d 1526, 1530 & n.7 (10th Cir. 1991).

### i. The Eighth Amendment

The Eighth Amendment has been construed to protect prisoners from measures taken to inflict unnecessary and wanton suffering. Thus, when prison officials are accused of using excessive force, the core judicial inquiry is whether the force was applied in either a good-faith effort to maintain or restore discipline or whether the acts were taken maliciously and sadistically to injure the prisoner. <u>See Northington v. Jackson</u>, 973 F.2d 1518, 1523 (10th Cir. 1992) (relying upon <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992) and <u>Whitley v. Albers</u>, 475 U.S. 312 (1986)). This inquiry is guided by the wide discretion given to prison officials in the administration of internal prison practices. <u>See Whitley</u>, 475 U.S. at 321-22 (giving "'wide-ranging

-10-

deference'" to prison security measures "taken in response to an actual confrontation with riotous inmates").  As such, not every touch or contact, regardless of how offensive it may appear through the tranquil lens of hindsight, violates the Eighth Amendment.  <u>See</u> <u>Hudson</u>, 503 U.S. at 9-10 (stating <u>de</u> <u>minimis</u> uses of physical force are excluded from constitutional recognition).

### ii. Application

The court will assume that the right of a prisoner to not be subjected to excessive force was, and is, clearly established.  Therefore, the issue at hand is whether the conduct alleged by Plaintiff, if assumed to be true, demonstrates a violation of the Eighth Amendment.  Case law from the 10th Circuit provides a useful reference for determining what actions constitute a violation of the Eighth Amendment.

In one recent case, the 10th Circuit found that excessive force was not used against an inmate when a correctional officer "while conducting a pat-down search of his person, 'slammed [him] against the wall[,] squeezed [his] buttocks, and pulled on [his] testicles real hard causing [him] a great deal of discomfort and pain.'" <u>Rhoten v. Werholtz</u>, No. 06-CV-3065-SAC, 2007 WL 1765538, at *1 (10th Cir. June 20, 2007) (unpublished).  The court found that such use of force was *de minimus*.  <u>See</u> <u>Norton v. The City of</u>

Marietta, OK, 432 F.3d 1145, 1156 (10th Cir. 2005) (grabbing and twisting of inmate's neck was not sufficiently objectively harmful enough to establish an Eighth Amendment excessive force claim); Reed v. Smith, No. 97-6341, 1999 WL 345492, at *4 (10th Cir. June 1, 1999) (unpublished) (inmate's allegations that prison officials grabbed him, tried to ram him into a wall and dragged him while walking him through the prison were insufficient to state an Eighth Amendment excessive force claim).

Plaintiff alleges that force was used against him, but he alleges no facts sufficient to show that Maddox, Myers, and Buchanan's use of force was either "wanton and unnecessary" or that these defendants acted maliciously and sadistically.  By Plaintiff's own account, each instance in which these defendants used force against him was prompted by Plaintiff's own resistance or failure to comply with Defendants' commands.  Accordingly, Plaintiff's allegations are insufficient as a matter of law under applicable 10th Circuit cases, and Maddox, Myers, and Buchanan's Motion to Dismiss on the basis of qualified immunity is sustained.

28 U.S.C. 1915(d)(2) and 1915A now must be considered insofar as they bear on the claims against Mansfield (the other guard allegedly involved in the August 27 incident) and Roberts, Cummings, and Werholtz (respectively, the warden at El Dorado, and, at various times, Secretary of Corrections of Kansas).

These defendants have not been served because 1915A requires the claims against them to be screened before being allowed to proceed.  In addition, Fed.R.Civ.P. 1 requires that the rules of civil procedure be construed and administered to secure the just, speedy inexpensive determination of every action.  Taken together, then, this court must anticipate that if the claims against the other defendants were allowed to go forward, motions to dismiss and/or for summary judgment using immunity and other legal defenses would be filed.

Mansfield's alleged conduct is less serious than that of the other guards (Plaintiff alleges that he failed to intervene).  If Maddox, Myers, and Buchanan did not violate Plaintiff's Eighth Amendment rights, then Plaintiff cannot make out an Eighth Amendment case against Mansfield in his individual capacity. Plaintiff does not allege any personal involvement in the August 27 incident by Roberts, Cummings, and Werholtz, and they cannot be held responsible under 42 U.S.C. 1983 on a *respondeat superior* basis.  Finally, none of the defendants can be held liable for damages based on claims of official capacity.

Accordingly, Plaintiff's claims against Mansfield fail to state a claim upon which relief can be granted.  The claims against Roberts, Cummings, and Werholtz seeking monetary damages likewise fail and for the additional reason of official immunity. This leaves only the claims for equitable relief and the state

-13-

law claims.

**VII. EQUITABLE RELIEF**

Plaintiff demands injunctive and declaratory relief. Sovereign immunity does not preclude either injunctive or declaratory relief against defendants in their official capacities; however given the facts alleged in this case, neither is appropriate.

"[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not considered a suit against the state for Eleventh Amendment purposes." Branson School District RE-82 v. Romer, 161 F.3d 619, 631 (10th Cir. 1998). The *Ex parte Young* doctrine allows plaintiffs to circumvent the Eleventh Amendment and file suit against state officials in their official capacity when the suit seeks equitable relief. Deciding whether the *Ex parte Young* doctrine applies does not require analysis as to the merits of the claim. See Verizon Maryland, Inc. V. Public Service Com'n of Maryland, 535 U.S. 635 (2002). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether the complaint alleges an *ongoing* violation of federal law and seeks relief properly characterized as prospective.'" Id. at 645 (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296

(1997) (O'CONNOR, J., joined by SCALIA and THOMAS, JJ., concurring in part and concurring in judgment) (emphasis added). "'The doctrine [does] not go so far as to allow federal jurisdiction over a suit that seeks to redress past wrongs—only ongoing violations are covered.'" Strepka v. Miller, 28 Fed.Appx. 823, 829 (10th Cir. 2001 (unpublished) (quoting ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1189 (10th Cir. 1998)).

The inquiry in the present case depends upon whether Plaintiff asserts that the alleged violation of his constitutional rights is ongoing.  On its face, none of the complaints does so, even when liberally construed.  Plaintiff alleges a single incident, occurring on August 27, 2006, in which Defendants allegedly violated his Eighth Amendment protection against excessive use of force.  There is no assertion, nor is there any indication, that this incident was part of an ongoing violation of Plaintiff's rights.  From the facts alleged, it is an isolated incident, which has neither occurred before nor since the date in question.  The *Ex parte Young* doctrine is therefore inapplicable.  Plaintiff demands injunctive relief, but there is no ongoing activity to enjoin.  In the absence of an *Ex parte Young* exception, Plaintiff's claims for equitable relief against Defendants in their official capacities are barred.  These claims are therefore dismissed.

**VIII.STATE TORT CLAIMS**

Plaintiff raises allegations of criminal assault, battery, and aggravated battery in his First Amended Complaint (Doc. 23). In support of these allegations, Plaintiff cites the relevant sections of the Kansas Statutes Annotated, including 21-3408 (Assault), 21-3412(a) (Battery), and 21-3414 (Aggravated Battery).  Defendants respond that Plaintiff is without standing to bring such claims, and cite K.S.A. 22a-104, which states, "It shall be the duty of the district attorney to appear in the several courts of the judicial district in which the district attorney is elected and to prosecute or defend, on behalf of the people therein, all matters arising under the laws of this state."

On its face, the First Amended Complaint alleges criminal matters which cannot be raised by a civil litigant.  Since Plaintiff is pro se, the court will construe the pleading liberally and look only to the alleged facts, not the legal conclusions, raised by Plaintiff.  The issue is not whether Plaintiff has correctly labeled the allegations, but rather whether the alleged facts support any legal theory of recovery. The court believes Plaintiff's intent is to raise claims for the intentional torts of assault and battery.  Aggravated battery is strictly a product of statute, so it is not available to Plaintiff as a theory of recovery.

This court's jurisdiction to entertain the state tort

claims, if any, must be based on 28 U.S.C. 1367.  The court has
the discretion to dismiss these remaining claims under 28 U.S.C.
1367(c)(3), which states, "The district courts may decline to
exercise supplemental jurisdiction over a claim under subsection
(a) if– (3) the district court has dismissed all claims over
which it has original jurisdiction."  The court elects to
exercise that discretion, and therefore dismisses all remaining
state law claims.

**IX.   CONCLUSION**

Defendants Maddox, Myers, and Buchanan's Motion to Dismiss
(Doc. 26) is GRANTED.  All claims set forth in Plaintiff's First
and Second Amended Complaints (Docs. 23 & 27) are dismissed for
the reasons stated herein.  In the alternative, Plaintiff's
motion to file a second amended complaint is denied for the
reasons stated herein.

This case is dismissed as to all defendants and the clerk is
directed to enter judgment accordingly.  Any pending motions are
denied as moot.

A motion for reconsideration of this order under Local Rule
7.3 is not encouraged.  The standards governing motions to
reconsider are well established.  A motion to reconsider is
appropriate where the court has obviously misapprehended a
party's position or the facts or applicable law, or where the

party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  <u>Comeau v. Rupp</u>, 810 F.Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this 12th  day of July 2007, at Wichita, Kansas.


<u>      S/Monti Belot                                    </u>

Monti L. Belot
UNITED STATES DISTRICT JUDGE